IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZBIGNIEW PAPALA,           )
                           )
           Plaintiff,      )
                           )
     v.                    )    No.  07 C 4793
                           )
TRI-EXPRESS, INC.,         )
                           )
           Defendant.      )

MEMORANDUM ORDER

Tri-Express, Inc. ("Tri-Express") has filed its Answer, including affirmative defenses ("ADs"), to the Family and Medical Leave Act Complaint filed against it by its ex-employee Zbigniew Papala ("Papala"). This memorandum order is issued sua sponte because of two flaws in that responsive pleading.

First, although Tri-Express has complied faithfully with the terms of the disclaimer that the second sentence of Fed. R. Civ. P. ("Rule") 8(b) prescribes as the basis for obtaining the benefit of a deemed denial, it invariably (and impermissibly) follows that disclaimer by this statement:

> Accordingly, Tri-Express denies that allegation [or "those allegations"].

Any such denial is of course oxymoronic--if Tri-Express is telling the truth in its disclaimer, it cannot in good conscience then deny the selfsame allegation or allegations. Accordingly the offending sentence is stricken from Answer ¶¶4, 9, 10, 12-14, 18-22, 24 and 25.

Second, AD 1--the essential equivalent of a Rule 12(b)(6)

motion to dismiss--is not an appropriate AD within the purview of Rule 8(c)(see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). If Tri-Express' counsel really believes that Papala's allegations, which must be accepted as gospel for such purposes, fail to state a claim, that must be asserted by a proper (and properly supported) motion. If Tri-Express fails to present such a motion on or before October 22, 2007, AD 1 will be stricken.[1]

                                                    _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: October 9, 2007

---

[1] This memorandum order, in singling out AD 1 in this fashion, suggests no view on this Court's part as to the viability or nonviability of Tri-Express' other ADs. If Papala's counsel wishes to attack any of those ADs, that should also be done by appropriate motion.

2